# Kennedys

August 31, 2023

The Honorable Lydia Kay Griggsby
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

120 Mountain View Boulevard
Post Office Box 650
Basking Ridge, New Jersey 07920
USA

T +1 908.848.6300
F +1 908.647.8390

www.kennedyslaw.com

D +1 908.848.1220

Kristin.Gallagher@kennedyslaw.com

**Re:    Defendant, AXIS Insurance Company's Notice of Intent to File a Motion**
*Twin City Fire Insurance Company v. AXIS Insurance Company*
Civil Action No. 22-cv-00769-LKG

Dear Judge Griggsby:

Pursuant to Section II.A. of the Case Management Order in the above-captioned matter, Defendant, AXIS Insurance Company ("AXIS") submits this Notice of Intent to File a Motion and requests a Pre-Motion Conference at the Court's earliest convenience. AXIS seeks leave to file a Motion to Compel the Deposition of Ezra S. Gollogly, Esq. counsel for the Plaintiff, Twin City Fire Insurance Company ("Twin City").

A brief summary of the particularized factual and legal support for this motion is set forth below. Undersigned counsel has exchanged written communications with Twin City's counsel in a good faith attempt to resolve this matter without Court intervention. The parties' counsel also met and conferred via videoconference on August 23, 2023 but Twin City refused to produce Mr. Gollogly for deposition.

I.    **Introduction**

This coverage litigation arises from a settled personal injury action litigated in state court in Maryland ("Underlying Action"). AXIS' insured, Atlas West End ("Atlas"), contracted with Twin City's insured, Gates Hudson ("Gates"), to manage apartments owned by Atlas. The parties in the Underlying Action attended a mediation on January 13, 2022 and engaged in settlement negotiations. Twin City retained Mr. Gollogly to act as Twin City's coverage counsel before mediation. Mr. Gollogly was the point person for Twin City for settlement matters.

Mr. Gollogly knew before mediation that AXIS was represented by its coverage counsel, Kristin Gallagher. In fact, Mr. Gollogly exchanged communications with Ms. Gallagher the day before, as well as the day of, the mediation concerning Twin City's disclaimer of coverage to

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP
Kennedys offices, associations and cooperations:  Argentina, Australia, Belgium, Bermuda, Brazil, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

Gates. However, Mr. Gollogly never advised Ms. Gallagher that Twin City intended to reserve its rights to seek reimbursement of defense costs from AXIS.

At mediation, AXIS tendered the $1,000,000 primary limits of the AXIS Policy to Atlas' excess insurer, Zurich, to continue with settlement negotiations of plaintiffs' claims against Atlas. After AXIS tendered its limits to Zurich for what AXIS assumed would be in exchange for a full release of AXIS, AXIS was no longer negotiating the settlement. On February 9, 2022, the trial court advised that the parties had settled the Underlying Action. There was no term sheet prepared by the parties at the mediation or any time thereafter indicating that the settlement preserved Twin City's claim for reimbursement of defense costs against AXIS. Initial drafts of the formal settlement agreement did not contain Twin City's reservation of rights either. Thus, AXIS appropriately believed the matter was settled globally and no claims remained.

On March 3, 2022, Mr. Gollogly contacted Ms. Gallagher for the first time to raise Twin City's reimbursement claim for defense costs. In Ms. Gallagher's discussions with Mr. Gollogly, he admitted this was the first time Twin City had raised the claim for reimbursement of defense costs with AXIS. AXIS declined Twin City's demand because Twin City plainly failed to preserve those rights. This suit followed. Twin City seeks to recover over $750,000 from AXIS the amount that Twin City claims it incurred to defend Gates and its employees in the Underlying Action.

## II.  AXIS' Notice of Deposition of Mr. Gollogly

On August 11, 2023, AXIS served a notice for the deposition of Mr. Gollogly and requested that he provide his availability for deposition. Twin City simply refuses to produce Mr. Gollogly for a deposition and will not provide his availability. Twin City objects to the deposition without any basis. Accordingly, AXIS intends to file a motion to compel his deposition.

A party is permitted depose the opposing party's counsel when the party establishes that: (1) no other means exist to obtain the information other than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case. *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986). AXIS clearly satisfies these requirements and is therefore entitled to proceed with the deposition of Mr. Gollogly.

AXIS must depose Mr. Gollogly to demonstrate that Twin City waived its right to reimbursement of Gates' defense costs from AXIS. Mr. Gollogly is the central figure and a material fact witness in this case. Twin City retained only one attorney, Mr. Gollogly, to ensure that Twin City preserved its right to reimbursement of defense costs, and AXIS maintains that Twin City, through Mr. Gollogly, failed to do so. Twin City's claim that it preserved its reimbursement rights against AXIS rests entirely on Mr. Gollogly's written and oral communications with other material witnesses, including defense counsel for Gates and Atlas, as well as Mr. Gollogly's actions (or inactions) to preserve those rights during the settlement negotiations.

To that end, AXIS seeks testimony from Mr. Gollogly on the following matters and issues:

(1) Mr. Gollogly's communications (or lack thereof) with the attorneys that represented AXIS, Gates, and Atlas in connection with the mediation and settlement of the Underlying Action.

(2) Mr. Gollogly's explanation why he believed that defense counsel that AXIS retained to defend Atlas (not AXIS), Ms. King, was AXIS' "actual or apparent agent", and that his communications with her are imputed to AXIS.

(3) Mr. Gollogly's reasons for failing to inform AXIS about Twin City's alleged reservation of rights for reimbursement of defense costs before or during the mediation.

(4) Facts and circumstances supporting Twin City's dubious claim that all of Mr. Gollogly's communications with defense counsel for Gates, the Bodie Law Firm, are protected by the attorney-client and work product privileges;

(5) Mr. Gollogly's credibility as a material fact witness at trial.

The information sought from Mr. Gollogly is relevant, non-privileged, and critical to AXIS' preparation of the case. AXIS' affirmative defenses of waiver and estoppel are based primarily on Mr. Gollogly's knowledge about Twin City's alleged reservation of rights for reimbursement of defense costs and his communications (or lack thereof) with AXIS.

No other means exists to obtain the information about which Mr. Gollogly has personal knowledge and is the best and only source. A deposition of Twin City's representative simply is not sufficient to answer these questions. AXIS has already exhausted all available alternative discovery methods with Twin City to obtain this information. AXIS served interrogatories and requests for admissions on Twin City. Incredibly, Twin City denied that Mr. Gollogly informed AXIS that Twin City was reserving its rights to seek reimbursement from AXIS. AXIS previously served a document request on Twin City, and a subpoena on the Bodie Law Firm, requesting production of all communications between Mr. Gollogly and Bodie related to settlement negotiations in the Underlying Action. Both Twin City and Bodie refuse to turn over these documents based on dubious privilege claims. If Twin City, Mr. Gollogly, and Bodie stonewall AXIS and prevent discovery of their communications, AXIS is entitled to question Mr. Gollogly regarding the nature and scope of his relationship as Twin City's counsel with Bodie. AXIS does not intend to ask Mr. Gollogly about Twin City's litigation strategy in this matter.

Mr. Gollogly is not immune from being deposed simply because he is Twin City's counsel in this case. AXIS is entitled to take his deposition.

Very truly yours,

Kristin V. Gallagher
Partner
for Kennedys