# Kennedys

December 26, 2023

120 Mountain View Boulevard
Post Office Box 650
Basking Ridge, NJ 07920
USA

**t** +1 908.848.6300
**f** +1 908.647.8390
**kennedyslaw.com**

**VIA CM/ECF**

**d** +1 908.848.1220

The Honorable Lydia Kay Griggsby
U.S. District Court for the District of Maryland
101 West Lombard Street
Chambers 5C
Baltimore, MD 21201

kristin.gallagher@kennedyslaw.com

RE: Twin City Fire Insurance Company, et al. v. AXIS Insurance Company
Civil Action No. 22-cv-00769-LKG

## Notice of Intent to File Motion for Partial Summary Judgment

Dear Judge Griggsby:

Pursuant to Section II.A.2. of the Case Management Order, this letter serves as Defendant, AXIS Insurance Company's ("AXIS") Notice of Intent to File a Motion for Partial Summary Judgment on Count I of the Amended Complaint for Declaratory Relief of Plaintiff, Twin City Fire Insurance Company ("Hartford"). The parties have met and conferred to discuss whether the issues in dispute could be addressed by filing cross-motions for summary judgment, but no agreement could be reached.

Count 1 of Hartford's Amended Complaint seeks a declaratory judgment that AXIS must reimburse Hartford for all defense costs paid by Hartford to defend its named insured, Gates Hudson & Associates, and its employees ("Gates Hudson") in the underlying lawsuit styled *Padmore v. Atlas West End Silver Hill*, Case No. CL20-14812, which was filed in state court in Prince George's County on August 13, 2020 ("*Padmore* Lawsuit").

Hartford issued a policy to Gates Hudson effective January 1, 2019 to January 1 2020 (the "Hartford Policy"). AXIS issued a policy to Atlas Real Estate Partners, LLC ("Atlas") effective July 10, 2018 to July 10, 2019 (the "AXIS Policy").

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP
Kennedys offices, associations and cooperations: Argentina, Australia, Belgium, Bermuda, Brazil, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

**Kennedys**

The *Padmore* Lawsuit sought damages due to alleged carbon monoxide poisoning on or about January 27, 2019 at an apartment property in Prince George's County. The property owner Atlas previously entered into a Property Management Agreement with Gates Hudson ("Agreement"). In August and September 2020, Gates Hudson communicated by email with Atlas about the *Padmore* Lawsuit. These emails requested that Atlas and its insurer defend and indemnify Gates Hudson under the terms of the Agreement. It is undisputed that Hartford defended Gates Hudson without communicating to AXIS that Hartford was reserving rights for reimbursement of Gates Hudson's defense costs until January 7, 2022, over 15 months after the *Padmore* Lawsuit was filed.

Hartford is not entitled to any relief from AXIS because Hartford negotiated and settled the *Padmore* Lawsuit but wholly failed to preserve its claim against AXIS for reimbursement of defense costs. Furthermore, even if Hartford preserved its claim against AXIS for reimbursement of defense costs, which it did not, Hartford is not entitled to recover its full claim for damages.

Under New York law[1], an insurer cannot recover pre-tender defense costs from another insurer. *Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 27 A.D. 3d 84, 94 (1st Dep't 2005) (only requiring reimbursement for defense costs incurred after the underlying lawsuit was tendered); *Liberty Ins. Underwriters v. Arch Ins. Co.*, 61 A.D.3d 482, 483 (1st Dep't 2009) ("Defendants…are not entitled to reimbursement of defense costs incurred before tendering the defense to plaintiff…").

Hartford is not entitled to recover pre-tender defense costs that Hartford paid to defend Gates Hudson in the *Padmore* Lawsuit. Under New York law, an additional insured tender requires notice from the tendering insurer that the putative additional insured seeks coverage under the named insured's policy. *Liberty Ins. Underwriters, Inc. v. Great American Ins. Co.*, No. 09-CV-4912, 2010 WL 369470 (S.D.N.Y. Sept. 17, 2010) (letter from additional insured did not constitute proper notice of underlying claim or request for additional insured coverage because letter only included the third-party complaint and letter did not indicate that putative additional insured sought coverage under named insured's policy); *Travelers Prop. Cas. Co. of America v. Hudson Excess Ins. Co.*, No. 1:21-CV-6671, 2023 WL 2402962 (S.D.N.Y. Mar. 8, 2023) (insurer not entitled to recover defense costs from date of initial letter that did not provide facts establishing coverage for the putative additional insured under named insured's policy).

---

[1] This court applies Maryland choice-of-law principles in this diversity action. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Under Maryland's choice-of-law principles, because the AXIS Policy was delivered to its Named Insured in New York and premiums were paid in New York, coverage under the AXIS Policy is governed by New York law. *Nationwide Mut. Ins. Co. v. Wendler*, 796 F. Supp. 201, 202 (D. Md. 1992) (where policy was issued and delivered in Maryland and premiums paid in Maryland, Maryland law governed "questions relating to the validity, effect and interpretation of [the] contract.")

**Kennedys**

Gates Hudson's emails to Atlas do not constitute a sufficient tender of Gates Hudson's defense by Hartford to AXIS. It is undisputed that there was never an actual tender communicated by Gates Hudson to AXIS requesting coverage as an additional insured as required by New York law. Moreover, to the extent that AXIS was provided notice of these emails between Gates Hudson and Atlas, the only reasonable possibility of coverage that AXIS had notice of was a potential third-party claim for contractual indemnity by Gates Hudson against Atlas. The Gates Hudson emails do not establish any duty on AXIS to defend Gates Hudson as an additional insured under the AXIS Policy, and therefore they do not constitute sufficient tender to AXIS for additional insured coverage under New York law.

Even if Gates Hudson had tendered defense to AXIS, which under New York law it did not, Hartford's reliance on such a tender is misplaced. This is so because any rights that Gates Hudson may have had to recover defense costs from Atlas or AXIS were extinguished by Hartford's settlement of the *Padmore* Lawsuit. Thus, any claim that could have been pursued by Gates Hudson against AXIS is now moot. Hartford's claim for reimbursement is separate and distinct from Gates Hudson's claim for coverage from AXIS. Hartford's attempt to piggyback onto the tender from Gates Hudson to Atlas fails. At bottom, to the extent that Hartford is entitled to recover any damages, it is limited to defense costs incurred after January 7, 2022, the date Hartford first tendered its claim for reimbursement to AXIS.

Since there are no genuine disputes regarding the material facts, the Court should enter partial summary judgment declaring as a matter of the law that to the extent that Hartford is entitled recover any relief from AXIS, Hartford's damages are restricted to Hartford's costs to defend Gates Hudson in the *Padmore* Lawsuit on and after January 7, 2022.

AXIS respectfully requests that the Court grant it leave to file a Motion for Partial Summary Judgment as to Count 1 of Hartford's Amended Complaint. Should the Court grant AXIS leave to file this motion, the following briefing schedule is proposed: 14 days for AXIS to file its Motion from the date the Court grants it leave to do so, and, in accordance with the Local Rules, 14 days after service of the motion for Plaintiffs to file their opposition, with 14 days for AXIS to file its reply after service of the opposition.

Respectfully,

**Kristin V. Gallagher**
Partner
for Kennedys