# EXHIBIT 7

| From: | Ezra S. Gollogly |
|---|---|
| Sent: | Thursday, March 3, 2022 10:58 AM EST |
| To: | 'Kristin V. Gallagher' |
| Subject: | RE: Padmore v. Gates Hudson |

Kristin -

Could we please hop on the phone early next week to discuss this matter, particularly Hartford's claim against AXIS to recover the defense/indemnity dollars Hartford has expended and will expend? Please let me know a time or two that would be convenient for me to give you a call. Best, Ezra

**Ezra S. Gollogly**
www.ezragollogly.com
D 410-319-0481 | C 410-807-5853
egollogly@kg-law.com | vCard

**K R A M O N  &  G R A H A M** PA
ATTORNEYS AT LAW

One South Street | Suite 2600 | Baltimore, MD 21202
T 410-752-6030 | F 410-539-1269 | www.kramonandgraham.com

**From:** Kristin V. Gallagher Kristin.Gallagher@kennedyslaw.com
**Sent:** Wednesday, January 12, 2022 10:00 PM
**To:** Ezra S. Gollogly egollogly@kg-law.com
**Cc:** Steven M. Klepper sklepper@kg-law.com; Michelle N. Raimato MRaimato@kg-law.com; 'Stokes, Martee' martee.stokes@axiscapital.com; 'Peter.Walden@thehartford.com'
Peter.Walden@thehartford.com; 'lgrenzer@bodie-law.com' lgrenzer@bodie-law.com; 'Christopher Hassell' chassell@kiernantrebach.com; 'Jennifer King' jking@decarodoran.com;
'jstampone@atlasrep.com' jstampone@atlasrep.com; 'Lloyd Grosklags'
lgrosklags@westendcapitalgroup.com; 'Jeff Wainwright' jwainwright@westendcapitalgroup.com;
'Tribik, Karen A' <Karen.A.Tribik@marsh.com>; 'paul.n.margiotta@marsh.com'
<paul.n.margiotta@marsh.com>; Martin Harms <Martin.Harms@kennedyslaw.com>; 'Mauch, Jessica'
<jessica.mauch@axiscapital.com>
**Subject:** Padmore v. Gates Hudson

Dear Counsel,

I am coverage counsel for AXIS Insurance Company ("AXIS") with respect to this matter and wanted to briefly respond to your email to AXIS and Zurich, specifically with respect to your position regarding the absolute pollution exclusion that is allegedly in the Hartford policy. First, we note that you continuously cited to provisions in the Hartford policy as to why there is either: 1) no coverage for this claim under the Hartford Policy; or 2) the primary obligation for coverage lies with AXIS and Zurich, yet you have failed to provide the copies of the relevant policy in support. Second, you assert that the absolute pollution exclusion in the Hartford

AXIS000007

policy applies because it does not have certain exceptions included as does the AXIS Policy.  However, whether or not the Hartford Policy contains such an exclusion is irrelevant, as Maryland courts have consistently held that such pollution exclusions in CGL policies do not apply beyond traditional environmental pollution situations, which this matter does not consist of. *See Clendenin Bros. v. U.S. Fire Ins. Co.*, 889 A.2d 387, 398 (2006); *Sullins v. Allstate Ins. Co.*, 667 A.2d 617, 622-623 (1995). Accordingly, Hartford should not expect to rely on such an exclusion to deny coverage for this claim, as such a position would be contrary to established Maryland law.     Separately, you will note Atlas' tender to Hartford. We, therefore, expect Gates and Hartford to be guided accordingly during tomorrow's mediation.
Regards,
Kristin

Kristin V. Gallagher
Partner
for Kennedys
**Kennedys**
T +1 908 848 1220
M +1 908 616 2946
F +1 908 647 8390
www.kennedyslaw.com

---

**From:** Ezra S. Gollogly <egollogly@kg-law.com>
**Sent:** Wednesday, January 12, 2022 2:04 PM
**To:** 'Terese Kerrigan' <terese.kerrigan@zurichna.com>
**Cc:** Steven M. Klepper <sklepper@kg-law.com>; Michelle N. Raimato <MRaimato@kg-law.com>; Stokes, Martee <martee.stokes@axiscapital.com>; Peter.Walden@thehartford.com; lgrenzer@bodie-law.com; Christopher Hassell <chassell@kiernantrebach.com>; Jennifer King <jking@decarodoran.com>; jstampone@atlasrep.com; Lloyd Grosklags <lgrosklags@westendcapitalgroup.com>; Jeff Wainwright <jwainwright@westendcapitalgroup.com>; Tribik, Karen A <Karen.A.Tribik@marsh.com>; paul.n.margiotta@marsh.com
**Subject:** RE: Padmore v. Gates Hudson and Atlas - Circuit Court for Prince George's County Case No. CAL 20-14812 - Zurich 9420192420 and Axis 019-000012089

**WARNING:** Email originated from outside the AXIS organization. Please be **CAUTIOUS**, particularly with **LINKS** and **ATTACHMENTS**.

Ms. Kerrigan:

Thank you for your email. We can provide you a more formal response later, but we will provide an informal response for now. Hartford has no objection to producing its policies but must obtain consent

from our insured. We will have the policies available during the mediation and will provide to Zurich so long as Gates Hudson agrees to the release.

At the outset, AXIS and Zurich have been aware no later than September 2020 of Gates Hudson's request for a defense and indemnity. During that time, Hartford has incurred substantial defense costs that AXIS should have been paying. As described below, Hartford should be receiving money from Atlas' carriers rather than paying money.

Hartford's primary policy includes an absolute pollution exclusion which applies to "'bodily injury' arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured" or "(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations." The policy defines "pollutant" as " any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste."

Hartford's umbrella policy contains a similar exclusion "for the cost of investigation, defense or settlement of any claim, or suit against any insured alleging actual or threatened injury or damage of any nature or kind to persons or property which arises out of or would not have occurred but for the pollution hazard."

We know that Zurich understands and advocates that such pollution exclusions apply to carbon monoxide generally, and to the Padmore lawsuit in particular. In *American Guarantee and Liability Insurance Co. v. Capitol Boiler Works, Inc. et al.*, No. 22-30-DLB, filed by Zurich on January 6, 2022 and pending in the U.S. District Court for the District of Maryland, Zurich seeks a declaration that its total pollution exclusion bars coverage for Capitol Boiler Works, Inc. in the Padmore lawsuit.

The broad pollution exclusions in Gates Hudsons' and Capitol Boiler's policies stand in contrast with the exclusions in Atlas' policies with AXIS and Zurich, which contain exceptions for if the injury "if sustained within a building which is or was at any time owned or occupied by, or rented or loaned to, any insured and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests."

Thus, Zurich would acknowledge that its policy's pollution exclusion does not bar coverage for any insured, and that Hartford's pollution exclusion bars coverage for all insureds.

In any event, any Hartford coverage would be excess to AXIS and Zurich's coverage. Paragraph 8(c) of the Property Management Agreement provides: "Owner's property and liability policies are primary and non-contributory." The policies reflect this point. Hartford's "property managed" endorsement provides that its coverage is excess over the owner's coverage. AXIS and Zurich's policies each provide that they are primary in relation to a property manager's coverage, where (as here) the underlying contract so requires.

We therefore expect that AXIS and Zurich will undertake the primary obligation for all insureds at tomorrow's mediation.

Finally, please advise if you have contact information for an Ohio Casualty claim representative.

AXIS000009

Hartford continues to reserve all rights.

**Ezra S. Gollogly**
www.ezragollogly.com
D 410-319-0481 | F 410-361-8233
egollogly@kg-law.com | vCard

K R A M O N   &   G R A H A M PA

ATTORNEYS AT LAW

One South Street | Suite 2600 **|** Baltimore, MD  21202
T 410-752-6030 | F 410-539-1269 | www.kramonandgraham.com

**From:** Terese Kerrigan <terese.kerrigan@zurichna.com>
**Sent:** Wednesday, January 12, 2022 11:35 AM
**To:** Ezra S. Gollogly <egollogly@kg-law.com>
**Cc:** Steven M. Klepper <sklepper@kg-law.com>; Michelle N. Raimato <MRaimato@kg-law.com>; Stokes, Martee <martee.stokes@axiscapital.com>; Peter.Walden@thehartford.com; lgrenzer@bodie-law.com; Christopher Hassell <chassell@kiernantrebach.com>; Jennifer King <jking@decarodoran.com>; jstampone@atlasrep.com; Lloyd Grosklags <lgrosklags@westendcapitalgroup.com>; Jeff Wainwright <jwainwright@westendcapitalgroup.com>; Tribik, Karen A <Karen.A.Tribik@marsh.com>; paul.n.margiotta@marsh.com
**Subject:** Padmore v. Gates Hudson and Atlas - Circuit Court for Prince George's County Case No. CAL 20-14812 - Zurich 9420192420 and Axis 019-000012089

Dear Mr. Golloghy,

American Guarantee & Liability Insurance Company (Zurich) acknowledges receipt of your mediation-eve tender of the claims against Gates Hudson to Atlas's carriers, Axis and Zurich.

Zurich will evaluate yesterday's tender.   However, considering that Zurich first received this tender yesterday, mediation is tomorrow, and trial is set to commence on 3/7/22,  Gates and Atlas (through their carriers) should protect their own respective interests at tomorrow's mediation subject to mutual reservation to address coverage and indemnity issues after settlement is reached.   To that end, Zurich fully expects Hartford to protect Gates' interests at the mediation on January 13, 2022 and Axis and Zurich will do so for the Atlas defendants.   No one can dispute that this multi-plaintiff lawsuit should <u>not</u> be tried to a Prince County, Md jury.

Zurich also follows up on Marsh's request that Atlas be afforded AI status under the Gates policies – as required under the property management agreement.  The attachments to your letter provide that Atlas's broker, Marsh's Paul Margiotta, was instructed by Axis to make that AI request back in September 2020.  I have never seen a response to that tender and, if one was not yet issued, please evaluate and respond to that tender in due course.

As requested, the Zurich policy is attached.  I ask that you reciprocate providing Gates Hudson's liability policies to both Axis and Zurich.

AXIS000010

Zurich reserves its rights under the policy and applicable law.

Please acknowledge receipt of this email.

Thank you.



**TERESE KERRIGAN**
*AVP, Complex Claims*
American Guarantee & Liability Insurance Company
Office: 201-209-4673

**Please send claim documents, including claim number, to: usz.zurich.claims.documents@zurichna.com**

zurichna.com

  

Confidential \ Personal Data

**From:** Michelle N. Raimato <MRaimato@kg-law.com>
**Sent:** Tuesday, January 11, 2022 2:52 PM
**To:** Terese Kerrigan <terese.kerrigan@zurichna.com>
**Cc:** Ezra S. Gollogly <egollogly@kg-law.com>; Steven M. Klepper <sklepper@kg-law.com>
**Subject:** [EXTERNAL] Wayne Padmore, et al. v. Atlas West End Silver Hill, LLC, et al., Circuit Court for Prince George's County Case No. CAL 20-14812

Please see the attached letter which I am forwarding on behalf of Mr. Gollogly regarding the above-referenced matter.

**Michelle N. Raimato**
Legal Assistant to
Steven M. Klepper
and Ezra S. Gollogly
D 410-319-0449
mraimato@kg-law.com

**K R A M O N   &   G R A H A M** PA
ATTORNEYS AT LAW

One South Street | Suite 2600 | Baltimore, MD  21202

T 410-752-6030 | F 410-539-1269 | www.kramonandgraham.com

This communication is from a law firm and may contain confidential or privileged information. Unauthorized retention, disclosure, or use of this information is prohibited and may be unlawful under 18 U.S.C. §§ 2510-2521. Accordingly, if this email has been sent to you in error, please contact the sender by reply email or by phone at 410-752-6030.
American Guarantee & Liability Insurance Company

******************* PLEASE NOTE *******************
This message, along with any attachments, is for the designated recipient(s) only and may contain privileged, proprietary, or otherwise confidential information. If this message has reached you in error, kindly destroy it without review and notify the sender immediately. Any other use of such misdirected e-mail by you is prohibited. Where allowed by local law, electronic communications with Zurich and its affiliates, including e-mail and instant messaging (including content), may be scanned for the purposes of information security and assessment of internal compliance with company policy.
This communication is from a law firm and may contain confidential or privileged information. Unauthorized retention, disclosure, or use of this information is prohibited and may be unlawful under 18 U.S.C. §§ 2510-2521. Accordingly, if this email has been sent to you in error, please contact the sender by reply email or by phone at 410-752-6030.

---

This email has been scanned for viruses and malicious content by Kennedys email security service provided by Mimecast. For more information on email security, visit http://www.mimecast.com

---

**General Data Protection Regulations** - From 25 May 2018 to the extent that we are currently in a contract with you or are intending to enter into a contract that involves processing the data of individuals in the EU, we would ask you to note the terms of our GDPR Privacy Policy, also our Client Terms of Business to the extent that we have not already agreed GDPR variations with you and, if you supply any products or services to us, our Supplier Terms of Business each of which will apply to all existing and future dealings between us as appropriate.

Please be aware of the increase in cybercrime and fraud. If you receive an email purporting to be from someone at Kennedys which seeks to direct a payment to bank details which differ from those which we have already given you (in our retainer letter and on our invoices) it is unlikely to be genuine. Please do not reply to the email or act on any information contained in it but contact us immediately.

Kennedys is a trading name of Kennedys CMK LLP, a limited liability partnership with registration number 045017416. Our registered office is at 120 Mountain View Boulevard, Basking Ridge, New Jersey 07920. The information contained in this transmission may be privileged and confidential and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this transmission in error, please immediately notify the sender and then delete it.

AXIS000012

This email has been scanned for viruses and malicious content by Kennedys email security service provided by Mimecast. For more information on email security, visit http://www.mimecast.com/

This communication is from a law firm and may contain confidential or privileged information. Unauthorized retention, disclosure, or use of this information is prohibited and may be unlawful under 18 U.S.C. §§ 2510-2521. Accordingly, if this email has been sent to you in error, please contact the sender by reply email or by phone at 410-752-6030.

AXIS000013